J-A01014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MALIK JOELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 696 EDA 2022 |

Appeal from the PCRA Order Entered March 15, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0001548-1998

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 7, 2023**

Malik Joell Johnson (Appellant) appeals from the order entered in the Lehigh County Court of Common Pleas, dismissing as untimely filed his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant seeks relief from the judgment of sentence of life imprisonment, imposed on June 30, 1999, following his jury conviction of first-degree murder.[2]  He insists the PCRA court erred when it determined his petition did not qualify for either the newly recognized constitutional right or governmental interference exception to the PCRA timing requirements.  For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

The relevant facts underlying Appellant's conviction were summarized by this Court in a prior appeal:

> On August 10, 1997, Ronald McPherson was shot in the face. This terrible crime occurred directly outside of the L.A. Bar & Grill in Allentown, Pennsylvania. [In February of 1998,] Mr. McPherson . . . died of this gunshot wound. Appellant . . . was charged with the murder[.] Witnesses for the Commonwealth testified that Mr. McPherson and [A]ppellant were in a heated argument second before shots were fired. One witness testified that he saw [A]ppellant shoot the victim in the head. Another witness testified that she ran into the bar after she heard the gunshots and [A]ppellant came inside the bar directly after her. Appellant contended throughout the trial that he never went outside of the bar. . . .

*Commonwealth v. Johnson*, 1092 EDA 2003 (unpub. memo. at 1) (Pa. Super. Dec. 29, 2003), *appeal denied*, 996 MAL 2004 (Pa. Mar. 1, 2005).

On May 11, 1999, a jury convicted Appellant of both first-degree murder and third-degree murder, and the trial court subsequently imposed the mandatory sentence of life imprisonment. Appellant filed a timely direct appeal asserting challenges to the trial court's refusal to strike a juror for cause and refusal to grant a new trial based upon alleged prosecutorial misconduct during closing arguments. *See Commonwealth v. Johnson*, 3594 EDA 1999 (unpub. memo. at 1-2) (Pa. Super. Feb. 28, 2001), *appeal denied*, 251 MAL 2001 (Pa. Aug. 30, 2001). A panel of this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 30, 2001. *See id.*

On May 7, 2002, Appellant filed a timely, *pro se* PCRA petition. Counsel was later appointed. The PCRA court denied relief on March 6, 2003, and

Appellant filed an appeal to this Court asserting trial counsel's ineffectiveness for failing to request an alibi instruction. *See Johnson*, 1092 EDA 2003 (unpub. memo. at 2). This Court again denied relief. *See id.* at 6.

Appellant then filed a second PCRA petition in July of 2004, seeking reinstatement of his right to petition the Pennsylvania Supreme Court for review of the denial of his first petition. *See* Appellant's Motion for Post Conviction Collateral Relief, 7/16/04, at 3. The PCRA court granted relief, and Appellant was permitted to file a petition for allowance of appeal with the Supreme Court *nunc pro tunc*. *See* Order, 10/4/04; Amended Order, 10/14/04. On March 1, 2005, the Pennsylvania Supreme Court denied Appellant allocatur review. *See Commonwealth v. Johnson*, 996 MAL 2004 (Pa. Mar. 1, 2005).

On May 22, 2012, Appellant filed two additional *pro se* PCRA petitions — one titled as a "First Amended" petition, and the other as a "Second or Subsequent" petition. *See* Appellant's Pro Se First Amended PCRA Petition, 5/22/12; Appellant's Second or Subsequent Pro Se PCRA Petition, 5/22/12. Appellant asserted various claims of the ineffective assistance of trial counsel, including purported "newly discovered evidence" that counsel withheld information regarding the Commonwealth's pretrial plea offer. *See* Appellant's Pro Se First Amended PCRA Petition at 4; Appellant's Second or Subsequent Pro Se PCRA Petition, at 6. Upon Appellant's request, the PCRA court appointed the Lehigh County Public Defender's Office to represent him. *See* Order, 1/15/13.

On July 31, 2013, Carol Marciano, Esquire, Appellant's public defender, filed a motion to withdraw and ***Turner***/***Finley***[3] "no merit" letter, concluding Appellant's petitions were untimely filed, and he was unable to satisfy any of the PCRA's timeliness exceptions. ***See*** Attorney Marciano's "No Merit" Letter to PCRA Court, 7/31/13, at 1-3. The PCRA court conducted a hearing on the motion to withdraw on August 20, 2013. ***See Commonwealth v. Johnson***, 69 EDA 2014 (unpub. memo. at 2) (Pa. Super. Jun. 12, 2015). On October 8, 2013,[4] the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petitions, and granted Attorney Marciano's petition to withdraw. ***See*** Order, 10/8/2013. Appellant filed a timely response, but the PCRA court entered an order dismissing Appellant's petitions on November 15, 2013. ***See*** Order, 11/15/13. On appeal, this Court affirmed the order denying PCRA relief, concluding Appellant's failure to comply with the PCRA court's directive to file a Pa.R.A.P. 1925(b) statement waived all claims for review, and, in any event, Appellant's petitions were untimely filed and he failed to prove the applicability of any of the timeliness exceptions. ***See Johnson***, 69 EDA 2014 (unpub. memo. at 5-11). Although Appellant petitioned the Pennsylvania Supreme Court for review, his appeal was administratively closed on October 21, 2015. ***See*** 403 MT 2015.

---

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Although the order was docketed on October 3, 2013, it was not sent to Appellant until October 8th.

Appellant filed the present PCRA petition, *pro se*, on February 10, 2022. He acknowledged the untimeliness of his petition, but argued that he was entitled to relief based upon the Pennsylvania Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). **See** Appellant's Motion for Post Conviction Collateral Relief, 2/10/22, at 9 (unpaginated). Appellant argued that the **Bradley** decision recognized a new constitutional right by permitting a petitioner to raise claims of ineffective assistance of PCRA counsel, which "spring[ ] from the original petition[,]" for the first time on appeal without violating the statute's one-year time bar. **Id.** On February 18th, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's petition without first conducting an evidentiary hearing. **See** Order, 2/18/22. The court concluded that **Bradley** did not recognize a new constitutional right; rather the decision "merely expanded the opportunity for a PCRA petitioner to raise claims of PCRA counsel ineffectiveness." **See id.** at 1-2 n.1 (unpaginated). Before the PCRA court issued a final order denying relief, Appellant filed a notice of appeal on March 11, 2022. Thereafter, on March 15th, the PCRA court entered an order dismissing Appellant's petition.[5] The

---

[5] Despite the fact Appellant filed his notice of appeal prematurely, we may consider it filed after the PCRA court entered its final order dismissing his petition on March 15, 2022. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Although Appellant did not include the requisite statement of questions presented in his brief,[6] we are able to discern the following issues for our review. First, Appellant contends he met both the newly recognized constitutional right and governmental interference exceptions to the PCRA timing requirements. *See* Appellant's Brief at 4-5, 8-10. Next, he argues he is entitled to PCRA relief as a result of prosecutorial misconduct — namely, the Commonwealth failed to disclose to Appellant that it had a "plea deal in place" with the sole eyewitness to the shooting. *See id.* at 23. He also asserts both trial and prior PCRA counsel's ineffectiveness for failing to investigate the purported plea deal. *See id.* at 28-30.

Our review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation and quotation marks omitted). Here, the PCRA court determined Appellant's serial petition was untimely filed, and Appellant failed to prove the applicability of any of the time for filing exceptions. *See* Order, 2/18/22, at 1-2 n.1 (unpaginated). We agree.

_____

[6] We note that Pa.R.A.P. 2116(a), which requires an appellate include in their brief "a statement of questions involved[,] is to be considered in the highest degree mandatory," as it is intended to frame the issues on appeal. ***See Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa. Super. 1993) (citation & quotation marks omitted).

The statutory requirement that a PCRA petition must be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019) (citation omitted). ***See also*** 42 Pa.C.S. § 9545(b)(1).

Here, Appellant's judgment of sentence was final on November 28, 2001, 90 days after the Pennsylvania Supreme Court denied his petition for *allocatur* review from his direct appeal, and the time for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13. Therefore, he had until November 28, 2002, to file a timely PCRA petition, which he did on May 7, 2002. However, the **present** petition — Appellant's fourth — was filed on February 10, 2022, almost 20 years later, and is, therefore, facially untimely.

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of the timeliness exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to **allege and prove** that one of the timeliness exceptions applies." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008) (emphasis added).

Appellant invokes both the newly recognized constitutional right and after discovered facts exceptions to the PCRA timing requirements. First, he insists that the ***Bradley*** decision "recognized a new constitutional right that now permits [him] to allege that his PCRA counsel was ineffective" pursuant to Subsection 9545(b)(1)(iii). Appellant's Brief at 4-5. Second, he maintains the Commonwealth's ***Brady*** violation constitutes governmental interference with the presentation of his claim under Subsection 9545(b)(1)(i). ***See id.*** at 8. We conclude, however, that neither of these time for filing exceptions are applicable under the facts presented herein.

In ***Bradley***, the Pennsylvania Supreme Court permitted review to "consider whether the current process for the enforcement of the right to effective counsel in a first PCRA proceeding is adequate, and if not, whether another process is appropriate." ***Bradley***, 261 A.3d at 386. At that time, a petitioner was required to raise claims of PCRA counsel's ineffectiveness in a response to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss the

petition. *See id.* The failure to do so would result in waiver of the claims. *Id.*

Recognizing the impracticability of that procedure, the *Bradley* Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401 (footnote omitted). However, the Court further opined:

> [W]e deem the consideration on collateral appeal of claims of PCRA counsel ineffectiveness to spring from the original petition itself, and that doing so does not amount to impermissibly allowing a "second or subsequent" serial petition — the concern of our Court in [*Commonwealth v.*] *Lawson*[, 549 A.2d 107 (Pa. 1988)] and the General Assembly in its 1988 amendments to the PCRA. *Lawson*, 549 A.2d at 108; 42 Pa.C.S. § 9545(b)(1). Accordingly, we reject the notion that considering ineffectiveness claims on collateral appeal constitutes a prohibited serial petition, violating the PCRA's one-year time bar.[18]

---

[18] We decline to adopt the approach . . . that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar.

*Id.* at 404 & n.18. *See also id.* at 406 (Dougherty, J., Concurring) ("Importantly, our decision today **does not create an exception to the PCRA's jurisdictional time-bar**, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness

because it was his first opportunity to do so[.]") (quotation marks omitted & emphasis added).

Although the Court did not specifically address the timeliness exception upon which Appellant relies, it is clear ***Bradley*** did not recognize a new constitutional right. Rather, the ***Bradley*** Court grounded its decision in the fact that a PCRA petitioner "has a **rule-based right** to the appointment of counsel for a first PCRA petition[,]" and, "[p]ursuant to our **procedural rule**, . . . he is also entitled to the effective assistance of counsel." ***Bradley***, 261 A.3d at 391 (emphasis added). As our Court has concluded in several unpublished decisions, ***Bradley*** did not recognize a new constitutional right permitting petitioners to file subsequent PCRA petitions in order to challenge prior PCRA counsel's ineffective assistance.[7] ***See Commonwealth v. Dixon***, 1145 EDA 2022 (unpub. memo. at 6) (Pa. Super. Dec. 28, 2022) (concluding "***Bradley*** does not trigger the [newly recognized constitutional right] timeliness exception [because it] is properly understood as a reassessment of appellate procedure in cases involving claims for collateral relief[, and not] a decision by the Pennsylvania Supreme Court which recognizes a new and retroactive constitutional right outside the permissible filing period provided under the PCRA."); ***Commonwealth v. Parkinson***, 1286 EDA 2022 (unpub. memo. at 7-8) (Pa. Super. Oct. 6, 2022) (holding "***Bradley*** did not create a

---

[7] We may cite unpublished non-precedential memorandum decisions of this Court filed after May 1, 2019, for their persuasive value. ***See*** Pa.R.A.P. 126(b)(1)-(2).

new, non-statutory exception to the PCRA time bar"). Accordingly, Appellant's invocation of the newly recognized constitutional right timeliness exception fails.

We also conclude Appellant is not entitled to relief based upon the governmental interference exception. First, we note that Appellant did not assert this exception in his February 10, 2022, PCRA petition. For that reason alone, this claim is waived. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005) (holding petitioner is "required to plead the cognizability of his petition in the petition itself" and is not permitted to raise exceptions to the timing requirements for the first time on appeal) (citations omitted); 42 Pa.C.S. § 9545(b)(1) (petitioner asserting timeliness exception must "allege[ ]" and "prove[ ]" one of the timeliness exceptions).

Furthermore, even if Appellant had preserved this argument, we would determine no relief is warranted. As noted **supra**, a petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2). Appellant does not disclose when he learned of, or obtained, the purported **Brady** material — i.e., the eyewitness's "unofficial plea agreement." **See** Appellant's Brief at 12. He does assert, however, that he requested that both counsel appointed to assist him in litigating his 2002 and 2012 petitions include this issue, but neither did. **See id.** at 12-13. Thus, it is evident Appellant knew of this potential claim **more than a year** before he filed the present petition in February of 2022.

Because we agree with the PCRA court's determination that Appellant's petition was untimely filed, and he has failed to plead and prove the applicability of any of the PCRA's timeliness exceptions, we affirm the order dismissing his serial petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023